IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM DEE CARTER, | :: | PRISONER CIVIL RIGHTS |
| GDC No. 961749, | :: | 42 U.S.C. § 1983 |
|     Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| GEORGIA DEPARTMENT OF | :: | CIVIL ACTION NO. |
| CORRECTIONS, | :: | 1:10-CV-3390-WSD |
|     Defendant. | :: | |

## ORDER

Plaintiff, William Dee Carter, presently confined in the Emmanuel Probation Detention Center in Twin City, Georgia, has filed this pro se civil rights action. (Doc. 1). On November 24, 2010, the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 9). The matter is now before the court for a 28 U.S.C. § 1915A frivolity screening. As an initial matter, the Court hereby **GRANTS** Plaintiff's motion to submit evidence (Doc. 8), which the Court has considered in making this frivolity determination.

### I.     The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section

1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims

"across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

On April 27, 2010, the Newton County Superior Court sentenced Plaintiff to not less than 305 days and not more than 365 days of imprisonment in a detention center for violating his probation. (Doc. 1 ¶ V; Doc. 8, Ex. 4). On July 6, 2010, Plaintiff arrived at Phillips State Prison and was placed in administrative segregation to await transfer to a facility appropriate for his mental health status. (Doc. 1 ¶ V; Doc. 8, Ex. 2). Plaintiff wrote a letter to Commissioner Brian Owens on August 30, 2010, complaining about the transfer delay and his confinement in administrative segregation. (Doc. 1 ¶ V; Doc. 8, Ex. 5). On September 21, 2010, Plaintiff was finally transferred to his current institution. (Doc. 1 ¶ V). Plaintiff seeks monetary relief for the "78 days" he spent in administrative confinement awaiting transfer. (Id. ¶ 12).

3

AO 72A
(Rev.8/82)

Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.  "An inmate has no liberty interest in a particular classification [including mental health status], prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before."  <u>West v. Higgins</u>, 346 F. App'x 423, 426-27 (11th Cir. 2009) (citing <u>McKune v. Lile</u>, 536 U.S. 24, 39-40 (2002)).  Accordingly, Plaintiff cannot show that the Georgia Department of Corrections' delay in transferring him to a facility appropriate for his mental health classification deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>See</u> <u>Hale</u>, 50 F.3d at 1582.

### III.  Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant <u>pro se</u> civil rights action is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED** this 17th day of December, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE